Jack and Olivia BOBBITT, Petitioners,

v.

J. Terry WEEKS et al., Respondents.

No. C–7986.

Supreme Court of Texas.

May 17, 1989.

Rehearing Denied Sept. 13, 1989.

Broadus A. Spivey, Paul E. Knisely, Austin, for petitioners.

John T. Anderson, K. Blake Coffee, Todd N. Wade, George B. Butts, T.B. Wright, Austin, for respondents.

PER CURIAM.

This legal malpractice action was brought by Jack and Olivia Bobbitt as next friends of their adopted son and natural grandson, Arthur Bobbitt, against Terry Weeks, Allen Herrington, Mark Levbarg, and the former law firm of Herrington, Levbarg, Weeks, and Jones, Inc. The Bobbitts alleged that the defendant attorneys and law firm were negligent in their handling of wrongful death and survival claims which they contracted to prosecute on behalf of Arthur Bobbitt. These claims arose out of the death of Arthur's parents, Alfred and Peggy Bobbitt, when an airplane crashed into their Austin home on April 22, 1970. Only the Bobbitt's infant son, Arthur, survived the accident.

In January of 1971, Weeks and his firm recommended to the Bobbitts that they settle their claims against Dr. Farris, the pilot of the airplane, for $145,000.[1] The Bobbitts accepted the settlement, but continued to ask Weeks to pursue a Federal Tort Claims Act administrative claim with the FAA and United States government based on the alleged negligence of an air traffic controller. Mr. Weeks refused to file the administrative claim, and on April 22, 1972 the statute of limitations on the claim expired.

The Bobbitts then brought the present action alleging that Weeks and his law firm were negligent in failing to adequately investigate and prepare claims against all parties responsible for the deaths of Alfred and Peggy Bobbitt. The Bobbitts further alleged that had Weeks exercised ordinary care, they would have received a larger settlement and would have had an opportunity to pursue a claim against the FAA.

The case was tried to a jury. Issue No. 1 asked:

Do you find from a preponderance of the evidence that the defendants were negligent in recommending the settling [of] the interest of Arthur Anthony Bobbitt

---

1. Of the total $145,000, the amount allocated to Arthur Bobbitt was $126,130.60.

against the estate of Dr. Farris and all other potential defendants for the sum of $126,130.60 and if so, was that a proximate cause of damage to Arthur Anthony Bobbitt?

In connection with issue No. 1, the trial court submitted a definition for negligence which defined the term as "failure to do that which a lawyer of ordinary prudence would have done under the same or similar circumstances." This definition continued,

> An error in judgment by a lawyer is not negligence if the lawyer acted in good faith and in honest belief that his advice and acts were well founded and in the best interests of his client.

The jury found in response to issue No. 1 that Weeks and his firm were not negligent in settling Arthur's claims. The trial court then rendered a take-nothing judgment against the Bobbitts. The court of appeals, in an unpublished opinion, affirmed.

This court recently held in *Cosgrove v. Grimes*, 774 S.W.2d 662 (Tex.1989) that Texas courts do not recognize a good faith exception to attorney negligence. In *Grimes*, we stated:

> There is no subjective good faith excuse for attorney negligence. A lawyer in Texas is held to the standard of care which would be exercised by a reasonably prudent attorney.

*Id.* at 664.

The trial court erred in submitting as part of its definition of negligence that an attorney is not negligent if he acted in good faith and in an honest belief that his acts were in the best interests of his clients. Further, we hold that the mis-defining of the basic legal standard for the single liability question submitted by the trial court was harmful error and in light of the entire record was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R. App.P. 81(b).

Because the court of appeals' decision conflicts with *Cosgrove v. Grimes*, we grant the application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to the trial court for a new trial. *See* Tex.R. App.P. 133(b).

DOGGETT, J., not sitting.